UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____  )
                                     )
**TETON HISTORIC AVIATION**          )
**FOUNDATION, et al.**,              )
                                     )
       **Plaintiffs**,          )
                                     )
       **v.**                  )   Civil Action No. 09-0669 (RWR)
                                     )
**UNITED STATES DEPARTMENT**         )
**OF DEFENSE, et al.**,              )
                                     )
       **Defendants.**          )
_____  )

## MEMORANDUM OPINION AND ORDER

Plaintiffs Teton Historic Aviation Foundation and Teton Avjet LLC (collectively "Teton") brought this action against the United States and the U.S. Department of Defense ("DOD") seeking injunctive and declaratory relief under the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), alleging that the defendants have deprived them of airplane parts due to them under a contract that they entered into with Government Liquidation, a non-Governmental agency that sells surplus materials on behalf of the United States. Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(1), arguing that the United States Court of Federal Claims has exclusive jurisdiction over this case because it is a contract action against the United States. Because no party asserts that plaintiffs are in privity of contract with the government, the defendants' motion to dismiss will be denied.

## BACKGROUND

The United States sells to private parties military aircraft parts that it determines to be surplus or outdated. (Second Am. Compl. ("Compl") ¶¶ 18-19.) Materials which are not sold are destroyed by the Aerospace Maintenance and Regeneration Group ("AMARG") operating under the auspices of the United States Air Force. (Id. ¶ 17.) The Defense Reutilization and Marketing Service ("DRMS") handles the sales, which are overseen by DOD. (Id. ¶ 16.) In order to facilitate sales, DRMS contracts with Government Liquidation to solicit bids and arrange purchases. (Id. ¶ 20.)

In 2008, Government Liquidation solicited bids for parts from five surplus United States Navy and Marine Aircraft. (Id. ¶ 25.) Teton bid on the parts in hopes of either obtaining an operable aircraft or, alternatively, acquiring parts to restore aircraft of its own. (Id. ¶¶ 28-29.) Teton made the highest bid, submitted a list of over 5,000 parts that it hoped to receive, and subsequently paid for the parts. (Id. ¶¶ 36-41.) Government Liquidation approved the release of 189 part numbers for a total of 1,890 parts and subsequently informed Teton that it was still awaiting AMARG's final approval of the requested parts. (Id. ¶¶ 43, 46.)

Several months later, Government Liquidation informed Teton that AMARG would approve only 29 part numbers and that Teton

-3-

would have to pay AMARG an hourly rate of $97.25 for the removal of the parts.  (Id. ¶¶ 47, 49.)  Government Liquidation then informed Teton that it would have one business day to decide whether it wished to proceed with the contract.  (Id. ¶ 51.)  In the following days, Teton learned that the Government had destroyed all five of the aircraft covered by the contract.  (Id. ¶ 59.)  Government Liquidation notified Teton that it would cancel the contract and repay any money Teton had expended under the agreement.  (Id. ¶ 60.)

Under the belief that DOD had acted in concert with Government Liquidation to destroy the planes in question, Teton brought suit alleging violations of the Administrative Procedure Act, 5 U.S.C. § 706(2)(A), and seeking in part to require the defendants to preserve certain aircraft as replacements for those destroyed.  (Id. ¶¶ 70-71, pp. 15-17.)  Defendants have moved to dismiss for lack of subject matter jurisdiction contending that Teton's claims are contractual in nature and, therefore, that the Court of Federal Claims has exclusive jurisdiction over this action.[1]

---

[1] The defendants also assert that courts should "defer to the exercise of discretion by military agencies in cases such as these."  (Defs.' Mem. of P. & A. in Supp. of Mot. to Dismiss ("Defs.' Mem.") at 3.)  However, the defendants' discussion of this issue is spare and fails to pinpoint the issue as to which any deference is due.  In any event, as the plaintiffs note, judicial deference plays no role in analyzing a motion to dismiss for lack of subject matter jurisdiction. See, e.g., Citizens Awareness Network, Inc. v. United States, 391 F.3d 338, 345-48

-4-

DISCUSSION

In reviewing a motion to dismiss for lack of subject matter jurisdiction, a court "accepts as true all of the factual allegations contained in the complaint . . . and may also consider 'undisputed facts evidenced in the record.'" Peter B. v. CIA, 620 F. Supp. 2d 58, 67 (D.D.C. 2009) (quoting Coal. for Underground Expansion v. Mineta, 333 F.3d 193, 198 (D.C. Cir. 2003)) (internal citation omitted). The plaintiff bears the burden of establishing that the court has jurisdiction over a claim. Public Warehousing Co. K.S.C. v. Def. Supply Ctr. Phila., 489 F. Supp. 2d 30, 35 (D.D.C. 2007) (citing U.S. Ecology, Inc. v. U.S. Dep't of Interior, 231 F.3d 20, 24 (D.C. Cir. 2000)). "[P]laintiff's factual allegations in the complaint . . . will bear closer scrutiny in resolving a 12(b)(1) motion than in resolving a 12(b)(6) motion for failure to state a claim." Id. (internal quotation marks omitted) (alteration in original).

"[T]he United States may not be sued without its consent[,]" United States v. Mitchell, 463 U.S. 206, 212 (1983), and "'[j]urisdiction over any suit against the Government requires a clear statement from the United States waiving sovereign immunity . . . together with a claim falling within the terms of the

---

(1st Cir. 2004) (addressing judicial deference under the APA only after establishing that subject matter jurisdiction exists). Thus, the defendants' argument on this issue merits no discussion.

waiver.'" Cartwright Int'l Van Lines, Inc. v. Doan, 525 F. Supp. 2d 187, 194 (D.D.C. 2007) (quoting United States v. White Mountain Apache Tribe, 537 U.S. 465, 472 (2003)).

The APA contains a limited waiver of sovereign immunity. Under the APA,

> A person suffering legal wrong because of agency action . . . is entitled to judicial review thereof. An action in a court of the United States seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity . . . shall not be dismissed nor relief therein denied on the ground that it is against the United States . . . .

5 U.S.C. § 702. In other words, the APA gives an individual who has suffered a legal wrong because of agency action the right to seek judicial review in federal court. See id. Judicial review of a final agency action is limited to circumstances where there is no other adequate remedy and where claims seeking relief are not expressly or impliedly forbidden by another statute. Public Warehousing Co. K.S.C., 489 F. Supp. 2d at 36; see 5 U.S.C. § 704.

The Tucker Act is a statute that forbids certain claims from being brought in district courts. Albrecht v. Comm. on Employee Benefits of Fed. Reserve Employee Benefits Sys., 357 F.3d 62, 67 (D.C. Cir. 2004) (citing 28 U.S.C. § 1491 (2000)). It vests in the Court of Federal Claims original jurisdiction over civil

actions against the United States founded upon "any express or implied contract with the United States . . . ." 28 U.S.C. § 1491(a)(1).

> [T]he Tucker Act impliedly forbids – in APA terms – not only district court awards of money damages, which the Claims Court may grant, but also injunctive relief, which the Claims Court may not. . . .  [T]he APA does not waive sovereign immunity for contract actions brought against the government in a federal district court.

Albrecht, 357 F.3d at 68 (internal quotation marks and citation omitted).

However, "[t]o maintain a cause of action pursuant to the Tucker Act that is based on a contract, the contract must be between the plaintiff and the government[.]" Cienega Gardens v. United States, 194 F.3d 1231, 1239 (Fed. Cir. 1998) (internal quotation marks omitted) (first alteration in original).  "In other words, there must be privity of contract between the plaintiff and the United States." Id.  Exceptions to this rule have included, for example, suits "brought against the government in the Court of Federal Claims by an intended third-party beneficiary, . . . by a subcontractor by means of a pass-through suit when the prime contractor is liable to the subcontractor for the subcontractor's damages, . . . and by a Miller Act surety for funds improperly disbursed to a prime contractor[.]" First Hartford Corp. Pension Plan & Trust v. United States, 194 F.3d 1279, 1289 (Fed. Cir. 1999) (internal citations omitted).

-7-

"[T]hird party beneficiaries of a Government contract are generally assumed to be merely incidental [not intended] beneficiaries, and may not enforce the contract absent clear intent to the contrary." Sealift Bulkers, Inc. v. Rep. of Armenia, Civil Action No. 95-1293 (PLF), 1996 WL 901091, at * 4 (D.D.C. Nov. 22, 1996) (internal quotations marks omitted) (second alteration in original).

Neither side here avers that it entered into an express or implied contract with the other. (See Pls.' Opp'n to Defs.' Mot. to Dismiss at 3 ("Plaintiffs never . . . entered into a contract with any government entity[.]"); Defs.' Mem. at 2 n.2 ("Defendant does not admit that it entered into a contract with Plaintiffs.").) Rather, Teton seeks relief declaring that the defendants' decision to withhold the aircraft parts from Teton was "arbitrary, capricious, an abuse of discretion and not in accordance with law" and enjoining DOD from destroying or endangering any replacements of the aircraft parts sought under the contract. (Compl. at 15-17.) The defendants, though, argue that the Court of Federal Claims must hear this case because, despite the relief sought, this suit is based on a contractual agreement between Teton and Government Liquidation. (Defs.' Mem. at 4-6.) However, the defendants have failed to establish that plaintiffs' contract with Government Liquidation of itself satisfies or vitiates the requirement that a party bringing suit

-8-

in the Court of Federal Claims based on contract be in privity of contract with the government.  See, e.g., First Hartford Corp. Pension Plan & Trust, 194 F.3d at 1289.  Moreover, the defendants do not invoke any exception to the general rule of privity that would place this case within the exclusive jurisdiction of the Court of Federal Claims.  Therefore, the defendants' motion to dismiss will be denied without prejudice.[2]

### CONCLUSION AND ORDER

Because the opposing parties do not allege that they are in privity of contract with each other and the defendants have failed to invoke or substantiate one of the exceptions to the privity of contract requirement which otherwise might place this

---

[2] The plaintiffs also have filed a motion for leave to file a third amended complaint, which the defendants oppose.  Under Rule 15(a), leave to amend shall be freely given "when justice so requires."  Fed. R. Civ. P. 15(a)(2).  Courts may "deny leave to amend if the proposed [complaint] would not survive a motion to dismiss . . . , merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled or fails to state a legal theory."  Morgan v. F.A.A., 657 F. Supp. 2d 146, 154 (D.D.C. 2009).  The plaintiffs' proposed complaint does not alter the nature of plaintiffs' Second Amended Complaint in any way that would affect the disposition of defendants' motion to dismiss, and the complaint does include additional facts not previously asserted in the First Amended Complaint. Cf. id. (denying motion to amend the complaint because the amended complaint would be subject to dismissal for the same reasons the original complaint was dismissed).  The plaintiffs' motion for leave to file a third amended complaint, then, will be granted.

-9-

case in the exclusive jurisdiction of the Court of Federal Claims, the defendants' motion to dismiss will be denied without prejudice.  Accordingly, it is hereby

ORDERED that the defendants' motion [22] to dismiss be, and hereby, is DENIED without prejudice.  It is further

ORDERED that the plaintiffs' motion [32] for leave to file a Third Amended Complaint be, and hereby, is GRANTED.  The Clerk is directed to docket as the Third Amended Complaint the exhibit so named attached to the plaintiffs' motion.

SIGNED this 26th day of February, 2010.


                                  /s/
                           RICHARD W. ROBERTS
                           United States District Judge